B. A. MAGNESS ET AL. v. H. A. P. BERRY ET AL.

Decided July 4, 1902.

1.—Guardianship—Appeal to District Court—Jurisdiction.

The statute gives to any person aggrieved the right of appeal to the district court from an order of the probate court approving the final account of a guardian, and it is therefore error for the district court to dismiss such an appeal for want of jurisdiction. Rev. Stats., arts. 2255, 2558.

2.—Same—Parties—Abatement—Death of Guardian.

Where, pending such appeal, the guardian dies intestate, his heirs may be made parties in his stead where there is no administration on his estate and no necessity therefor. Rev. Stats., art. 1249.

Appeal from Hood.  Tried below before Hon. W. J. Oxford.

*H. H. Cooper,* for appellants.

*John J. Heimer,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—B. A. Magness and wife appealed from a judgment of the probate court of Hood County approving the final account of, and making an allowance to, H. A. P. Berry as guardian of E. O. Berry, who died while yet a minor.  Pending the appeal of Magness and wife H. A. P. Berry, the guardian, also died, and at their instance his heirs were made parties in his stead, he having died intestate, and there being no administration on his estate and no necessity for any.  The appeal was dismissed by the District Court for want of jurisdiction, and from that judgment Magness and wife have appealed to this court.

In thus refusing to take jurisdiction of the appeal from the County Court we think the District Court erred.  Article 2562, title 51, Guardian and Ward, Revised Statutes, provides that, "the judgments, orders, decrees, and proceedings of the court in relation to guardianships may be appealed from to the district court by any person who may consider himself aggrieved thereby, * * * in the manner and under the rules and regulations provided by law."  Article 2558 of same title provides, that "the provisions, rules, and regulations which govern estates of decedents shall apply to and govern such guardianships, whenever the same are applicable and not inconsistent with any of the provisions of this title."  See Blackwood v. Blackwood, 47 S. W. Rep., 483.  Article 2255, title 39, Estates of Decedents, gives to any person who may consider himself aggrieved by any decision, order, decree, or judgment of the county court in probate matters the right to appeal therefrom to the district court.  Article 1249, title 30, regulating the practice in the district and county courts, provides as follows: "Where an executor or administrator shall be a party to any suit, whether as plaintiff or defendant, and shall die or cease to be such executor or administrator before verdict, the suit shall not thereby abate, but may be continued by or against the person succeeding him in the administration, or by or against the heir, where there is no administration and no necessity therefor," etc.

It requires no strained construction to bring this case within the provisions of these articles.  The judgment must therefore be reversed and the cause remanded for trial on its merits.  The matters, however, of original jurisdiction alleged against some of the appellees can not be tried, since the jurisdiction of the district court in this case is appellate only.

*Reversed and remanded.*